FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| QIANG ZHI YE, | No. 10-73898 |
| Petitioner, | Agency No. A042-010-298 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2014[**]
San Francisco, California

Before:  HAWKINS and RAWLINSON, Circuit Judges, and LYNN, District Judge.[***]

Qiang Zhi Ye (Ye), a Chinese national and citizen, petitions for review of

the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Barbara M.G. Lynn, District Judge for the U.S. District Court for the Northern District of Texas, sitting by designation.

the immigration judge's denial of deferral of removal pursuant to the Convention Against Torture (CAT). Ye contends that the BIA's decision was not supported by substantial evidence because it is more likely than not that he would be forcibly sterilized due to his intellectual disability.

Substantial evidence supports the BIA's dismissal of Ye's overly speculative CAT claim premised on the 2008 U.S. Department of State Human Rights Report for China. Although the State Department report reflects that the Chinese government requires individuals with congenital disabilities to use birth control or undergo sterilization if they wish to marry, Ye failed to demonstrate that it was more likely than not that he would be forcibly sterilized due to his non-congenital disability resulting from childhood meningitis. *See Zheng v. Holder*, 644 F.3d 829, 836 (9th Cir. 2011) (holding that the BIA properly denied CAT relief based on the petitioner's overly speculative claim); *see also Alphonsus v. Holder*, 705 F.3d 1031, 1049 (9th Cir. 2013) ("Despite the troubling country reports, the record evidence does not compel the conclusion that [petitioner] himself will be, more likely than not, *tortured* upon his return. . . .") (emphasis in the original).

**PETITION DENIED.**

2